A. M. HUGHES PAINT & GLASS CO., Respondent,
v. CHARLES L. WRIGHT, Appellant.

**Kansas City Court of Appeals, March 6, 1905.**

**JUSTICES' COURTS: Counterclaim: Sufficiency of: Contract.** A statement in a justice's court was for paint sold and delivered. A counterclaim was for damages for refusing to sell defendant other paints and to take back the remnant on his hands, but it failed to allege a contract binding plaintiff to do either of these things. *Held,* it was insufficient.

Appeal from Jasper Circuit Court.—*Hon. Hugh C. Dabbs,* Judge.

AFFIRMED.

*Frank L. Forlow* for appellant.

(1) That under the facts stated in the answer, and made by the pleadings, it was shown that this was not the same as an ordinary sale of goods for the reason that in most every other line that can be suggested, the defendant could continue to sell what remained after the plaintiff ceased to sell him, though he could not purchase any more of the same article, but not so with these mixed paints; unless plaintiff would continue to furnish him the paints, the mixed paints on hand became worthless to defendant. (2) The defendant is willing to rest his case on this proposition, that the court examine his answer as set forth in the record, and then say whether or not the court was not in error in refusing to permit plaintiff to offer his evidence, and in overruling defendant's motion for a new trial.

*W. R. Robertson* for respondent.

Defendant admitted that the goods were sold to him by plaintiff when he admitted plaintiff's account;

but should it be possible to construe the set-off and counterclaim to charge a state of facts constituting defendant a consignee of plaintiff for the simple purpose of selling the goods, it further discloses that defendant had the absolute control and management of the sale of the goods delivered to him by plaintiff, had the free use of his own judgment as to what goods were necessary for his trade, and possessed the only information relative to his customers which would render one competent to select the proper colors, shades, etc., and consequently his plea cannot be entertained. Bicking v. Stevens, 69 Mo. App. 168.

ELLISON, J.—This is an action on an account begun before a justice of the peace. On appeal to the circuit court the judgment was for plaintiff.

It appears, and was admitted at the trial, that plaintiff's account, which was for paints sold to defendant, was correct. But defendant filed before the justice a counterclaim wherein he set up that plaintiff was a manufacturer of paint in Kansas City, Missouri, and defendant a retail druggist in Webb City who sold paints and oils. That "at the request of plaintiff the defendant in January, 1896, was induced to take in stock a line of paints sold by plaintiff, and that defendant continued to handle the said line of paints from that date until the date hereinafter stated; that plaintiff assured the defendant at the time he commenced to sell their goods that they would continue to furnish defendant a full line of paints sold by them, and defendant relying upon that promise proceeded to place the same in stock and to sell them to his customers and to recommend the goods of plaintiff. That defendant continued to sell the paints of plaintiffs and to receive goods from them until the 23d day of July, 1903, when plaintiff, without cause, refused to sell defendant any more paints of any kind or color. That on said date defendant had on hand of the different shades, kinds and

colors of the plaintiff's mixed paints, the cost price of which was $143. That plaintiffs then notified defendant that they would sell their paints in the future to another dealer. "That if plaintiffs had continued to furnish defendant paints, as they agreed to do, the paints on hand were worth to defendant the cost price plus the sum of $37 as a profit on the goods at retail; that plaintiffs after they made the agreement with defendant to sell him their line of paints, furnished to the defendant their color card, upon which the name of defendant was printed by plaintiffs as their agent at Webb City, Missouri, and also from time to time other advertising matter which defendant distributed among his customers and others, and that defendant at all times purchased all of the paints of plaintiffs that he could sell in the market and dispose of to his customers, and kept a line in stock, ordering from time to time such paints and colors as he found his trade demanded." It was further alleged that upon plaintiff's refusal to sell any more paint defendant requested them to take back the stock on hand and give him credit for the cost price. That by reason of plaintiff's refusing to sell more paint the stock on hand was of no value, whereby he was damaged $143, the cost of said remnant stock, and was further damaged $37, the profit he could have made on said remnant stock, if he could have purchased other paints and colors.

Plaintiffs objected to any evidence in support of the counterclaim, on the ground that it did not state facts sufficient to show a valid counterclaim. The trial court sustained the objection and thereupon a judgment was rendered for plaintiff for the amount of his account admitted to be due.

We will uphold the judgment. The counterclaim does not show a contract whereby plaintiff was to continue to sell to defendant their paints, or that defendant should be the only person to whom they would sell. It is not shown that the paints were to be sold to de-

fendant for any certain time; and the answer shows that there was no such agreement, since it sets up that defendant offered to return the goods he had on hand when plaintiffs refused to sell more. The answer or counterclaim has for its basis damages that plaintiffs refused to sell defendant more paints, when there is no contract shown that plaintiffs were under any legal obligation to sell him. To sustain defendant's case, as stated, would make a precedent of dangerous and extraordinary results to the wholesale mercantile traffic.

We think the judgment should be affirmed. All concur.